**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

FILED
___ O'clock & ___ min ___ M
JUN 9 2009
United States Bankruptcy Court
Columbia, South Carolina (26)

ENTERED
JUN - 9 2009
SRP

| IN RE: | C/A No. 09-01019-JW |
|---|---|
| Glen Wayne Gregg and Barbara Gregg, | Chapter 13 |
| Debtor(s). | |
| IN RE: | C/A No. 09-01195-JW |
| Kenneth Lawrence Young and Sarah Elizabeth McCutcheon Young, | Chapter 13 |
| Debtor(s). | |
| IN RE: | C/A No. 09-00761-JW |
| Alberta Susana Narciso, | Chapter 13 |
| Debtor(s). | **ORDER OF SANCTION/IMPOSITION OF CONTEMPT OF CONTRACT CALLERS, INC.** |

This matter comes before the Court upon the Orders (collectively "Orders") and Rules to Show Cause (collectively "Rules") in the cases identified above.

In the case of Glen Wayne Gregg and Barbara Gregg ("Greggs"), an Order and Rule to Show Cause ("Gregg Rule") was entered on May 12, 2009. The Gregg Rule directed Contract Callers, Inc. ("Contract Callers") to appear before the Court on May 28, 2009, to explain its failure to comply with the Order Disabling Public Access to Filed Documents and Directing Filing of a Corrected Pleading ("Gregg Order"), entered on April 21, 2009. The record indicates that Contract Callers has failed to file an amended Proof of Claim Number 19, by redacting any private information, as ordered pursuant to Fed. R. Bankr. P. 9037(d). The Gregg Rule also required Contract Callers to show cause

why a finding of contempt or why sanctions should not be ordered for its failure to comply with the Gregg Order.

In the case of Kenneth Lawrence Young and Sarah Elizabeth McCutcheon Young ("Youngs"), an Order and Rule to Show Cause ("Young Rule") was entered on April 23, 2009. The Young Rule directed Contract Callers to appear before the Court on May 28, 2009, to explain its failure to comply with the Order Disabling Public Access to Filed Documents and Directing Filing of a Corrected Pleading ("Young Order"), entered on March 30, 2009. The record indicates that Contract Callers has failed to file an amended Proof of Claim Number 11, by redacting any private information, as ordered pursuant to Fed. R. Bankr. P. 9037(d). The Young Rule also required Contract Callers to show cause why a finding of contempt or why sanctions should not be ordered for its failure to comply with the Young Order.

In the case of Alberta Susana Narciso ("Narciso"), an Order and Rule to Show Cause ("Narciso Rule") was entered on April 27, 2009. The Narciso Rule directed Contract Callers to appear before the Court on May 28, 2009, to explain its failure to comply with the Order Disabling Public Access to Filed Documents and Directing Filing of a Corrected Pleading ("Narciso Order"), entered on March 20, 2009. The record indicates that Contract Callers has failed to file an amended Proof of Claim Number 5, by redacting any private information, as ordered pursuant to Fed. R. Bankr. P. 9037(d). The Narciso Rule also required Contract Callers to show cause why a finding of contempt or why sanctions should not be ordered for its failure to comply with the Narciso Order.

In each of these cases, the Court first issued an Order Disabling Public Access to Filed Documents and Directing Filing of a Corrected Pleading, which directed the Clerk

2

of Court to disable public access to the aforementioned proofs of claims that disclosed private information, pursuant to Fed. R. Bankr. P. 9037(d). Fed. R. Bankr. P. 9037(a) requires a party or nonparty filing to include only "the last four digits of the social-security number." Contract Callers' proofs of claims contained Debtors' full social security numbers, despite the prohibitions of Fed. R. Bankr. P. 9037 and instructions for the proof of claim to "[s]tate only the last four digits of the debtor's account number or other number used by the creditor to identify the debtor." Fed. R. Bankr. P. Form 10. Indicating Debtors' full social security number jeopardizes the rights of Debtors due to the exposure of private information. Therefore, the Court ordered the Clerk of Court to restrict access to the proofs of claims.

The access restrictions required by Contract Callers' inclusion of private information prejudices parties in interest, including Debtors and the Chapter 13 Trustee, who may desire to review and object to the claims or make distributions based thereon and impairs the administration of the estates.[1] Furthermore, Contract Callers appears to be a sophisticated financial institution, which should be aware and/or advised of such requirements of the Bankruptcy Code, Bankruptcy Rules, and orders of the Court. Moreover, Contract Callers' website advertizes itself as a company whose "reputation for integrity and excellence requires careful compliance with the spirit and letter of all laws and regulations." http://www.contractcallers.com/AboutCCI/Ethics.asp (last visited June 8, 2009). Therefore, it is important for Contract Callers to comply with the Court's multiple orders and amend its proofs of claims. Despite clear orders to act, Contract

---

[1] The Court notes that Contract Callers also recently violated the Court's Order Disabling Public Access to Filed Documents and Directing Filing of a Corrected Pleading and Rule to Show Cause in a different case following its failure to amend a proof of claim to redact the debtor's social security number in In re Richardson, C/A No. 09-00204.

3

Callers failed to file amended, redacted proofs of claims before any of the hearings on the Rules and failed to appear before the Court at any of the hearings.

Due to its failure to comply, it appears that Contract Callers is in contempt of this Court's Orders. The Court has broad discretion in fashioning a remedy for civil contempt. See Shilliatani v. U.S., 384 U.S. 364, 370, 86 S. Ct. 1531, 1535, 16 L.E.2d 622 (1966)(noting "that there can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt"); see also In re Kern, C/A No. 98-00420-W, Adv. Pro. No. 98-80092-W, slip op. (Bankr. D.S.C. Oct. 20, 1999)(quoting Ex Parte Robinson, 86 U.S. 505, 510, 22 L. Ed. 205 (1873)("The authority to punish contempt is one of the inherent and integral powers of the courts. 'The power to punish for contempt is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice.'"); Workman v. GMAC Mortgage, LLC (In re Workman), 392 B.R. 189, 194 (Bankr. D.S.C. 2007)(citing In re Walters, 868 F.2d 665, 669 (4th Cir. 1989); In re Weiss, 111 F.3d 1159, 1171 (4th Cir. 1997)(noting that the Fourth Circuit has recognized that 11 U.S.C. § 105(a) allows the Court to sanction a party for civil contempt and that the bankruptcy court also has the inherent ability to sanction parties for misconduct).

A contempt fine is "considered civil and remedial if it either 'coerce[s] the defendant into compliance with the court's order, [or] . . . compensate[s] the complainant for losses sustained.'" Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829, 114 S. Ct. 2552, 2558, 129 L.E.2d 642 (1994)(quoting United States v. Mine Workers of Am., 330 U.S. 258, 303-04, 67 S. Ct. 677, 701, 91 L. Ed. 884 (1947)). The

paradigm for a coercive contempt sanction "involves confining a contemnor until he complies with an affirmative command such as an order 'to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance.'" Id. at 828 (citations omitted). Analogous to coercive imprisonment is a "per diem fine imposed for each day a contemnor fails to comply with an affirmative court order . . . [as] such fines exert a constant coercive pressure, and once the jural command is obeyed, the future, indefinite, daily fines are purged." Bagwell, 512 U.S. at 829; cf. Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 442, 31 S.Ct., 492, 498, 55 L.Ed 797 (1911)).

Civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard" without a jury trial or proof beyond a reasonable doubt. Bagwell, 512 U.S. at 827. The Supreme Court has recognized that certain indirect contempts are appropriate for imposition through civil proceedings because of the lesser need for extensive and impartial fact finding: such as "indirect contempts involving discrete, readily ascertainable acts, such as turning over a key or payment of a judgment . . . ." Id. at 833.

In this case, the Court finds Contract Callers in contempt of this Court's Orders by failing to file amended claims that redact private information contained in the above mentioned proofs of claims. The filing of such an amendment is a discrete and readily ascertainable act. Id. Upon considering the record in this matter, the Court finds a civil contempt sanction of $500.00 per day, beginning ten (10) days from the entry of this order, is necessary in order to coerce Contract Callers' compliance with this Court's Orders to amend its proofs of claims and redact private information. If within ten (10) days of the entry of this order, Contract Callers complies and amends the proofs of claims

5

at issue in the aforementioned cases to redact the private information, such sanction will not be imposed.[2]

The Clerk of Court shall immediately serve by first class mail a copy of this order on Contract Callers at the address requested in its proofs of claims and the Chapter 13 Trustee.

**AND IT IS SO ORDERED.**

*/s/ John E. Waites*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
June 9, 2009

---

[2] Authority for this Order additionally exists pursuant to 11 U.S.C. § 105; the aforesaid action being necessary to enforce court orders and rules and to prevent an abuse of process.